United States District Court
Southern District of Texas
**ENTERED**
September 26, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ESTUARDO DE LOS REYES, § <br> Plaintiff § <br> § <br> v.  § <br> § <br> STATE FARM LLOYDS, § <br> Defendant § | Civil Action No. 1:22-cv-071 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Estuardo De Los Reyes's Opposed Motion for Remand with accompanying "Binding Stipulation" signed by Plaintiff's counsel. Dkt. Nos. 5 and 5-1. For the ensuing reasons, it is recommended that the Court **DENY** Plaintiff's Opposed Motion for Remand.

### I. Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

### II. Procedural History

Plaintiff initiated this action by filing his Original Petition in County Court at Law No. 1, Cameron County, Texas, on May 9, 2022. Dkt. No. 1-2 at 5. On June 14, 2022, Defendant State Farm Lloyds filed a Notice of Removal. Dkt. No. 1. Defendant's Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs. *Id.* at 2. On June 28, 2022, Plaintiff filed his Opposed Motion for Remand with Binding Stipulation. Dkt. Nos. 5 and 5-1. Plaintiff argues that Defendant has failed to show that the amount in controversy in this action exceeds $75,000.00; therefore, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. No. 5 at 1-2. Defendant filed a "Response" to Plaintiff's Opposed Motion for Remand on July 18, 2022. Dkt. No. 9. Defendant's Response reasserts its position that the Court possesses federal diversity jurisdiction over this action. *Id.* at 2. Plaintiff has not filed a reply to Defendant's Response.

### III. Legal Standards

The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").

With respect to the amount-in-controversy requirement, the sum demanded by the plaintiff in their original petition will generally control if made in good faith. 28 U.S.C. § 1446(c)(2) (West, 2011); *Jordan v. Chevron U.S.A., Inc.*, No. CV H-18-3496, 2018 WL 5723148, at *2 (S.D. Tex. Nov. 1, 2018). That said, the amount-in-controversy allegation in a defendant's notice of removal "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

81, 87, 135 S. Ct. 547, 553, (2014).  If the defendant's amount-in-controversy allegation is contested or questioned, the defendant "can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations omitted).

If, as is the case here, state law does not permit the plaintiff to demand a specific sum,[1] the defendant must establish that the amount-in-controversy exceeds $75,000, by a preponderance of the evidence.  *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240; *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

> "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims could probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met."  [*Felton v. Greyhound Lines, Inc.*, 324 F.3d 771,] at 773–74 (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).  The court may only consider damages claimed at the time of removal, and removal "cannot be based simply upon conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

*Jordan v. Chevron U.S.A., Inc.*, No., 2018 WL 5723148, at *2.  The fact that "the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)).

---

[1] "The Texas Rules of Civil Procedure list damage ranges and require that plaintiffs plead the range their action falls under.  TEX. R. CIV. P. 47(c)." *Jordan v. Chevron U.S.A., Inc.*, No. CV H-18-3496, 2018 WL 5723148, at *2.

### IV. Discussion

Plaintiff contends that remand is proper because Defendant has not met its burden to show that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Dkt. No. 5 at 2.[2] In support of this argument, Plaintiff states:

> Plaintiff has furnished Defendant a binding stipulation of damages, which limits his recovery to under $75,000; thus, the amount in controversy is $75,000 or less exclusive of costs and interests. *See* Exhibit A. The calculated decision to not seek damages over $75,000 was not made in bad faith, but rather as an effort to promote settlement. Therefore, the amount Plaintiff stipulated to, is the amount in controversy. Because Plaintiff has made it clear that he would not seek or accept an amount in excess of $75,000 and he is legally bound by the stipulation, Plaintiff has established legal certainty that the amount in controversy does not meet the minimum jurisdictional limits of this Court.

*Id.* (formatting altered).

Defendant responds that a post-removal stipulation of damages does not destroy federal diversity jurisdiction. Dkt. No. 9 at 3-4. Defendant states that, because Plaintiff did not provide his Binding Stipulation with his Original Petition or prior to removal, the Binding Stipulation must be disregarded. *Id.* at 4. Defendant adds that it demonstrated that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, when it filed its Notice of Removal. Therefore, this Court must deny Plaintiff's Opposed Motion for Remand. *Id.* at 3-4.

Defendant is correct that removal was proper at the time it filed its Notice of Removal. Plaintiff's Original Petition states that he is seeking $250,000.00 or less, "*excluding* interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. No. 1-2 at 1 (emphasis added). Plaintiff's Original Petition also specifically

---

[2] The parties do not dispute that complete diversity of citizenship is present. *See* Dkt. No. 1 at 2; Dkt. No. 5 at 1-2.

states that he is seeking attorney's fees, statutory damages and penalties, damages for mental anguish, and exemplary damages. *Id.* at 16-17. When determining the amount in controversy, courts should consider each of these items. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Pursuant to § 41.008(b) of the Texas Civil Practice and Remedies Code, Plaintiff's exemplary damages claim could result in an award of $200,000. *See* TEX. CIV. PRAC. & REM. CODE § 41.008(b) ("Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.") (formatting altered).

Furthermore, courts may also consider summary judgment type evidence pertaining to the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253. Defendant notes that, on April 2, 2022, Plaintiff sent it an estimate asserting property damages totaling $26,159.08. Dkt. No. 9 at 3 (citing Dkt. No. 9-1). Defendant states that, because Plaintiff is seeking treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, the amount in controversy requirement is easily met by his request for treble damages alone. *Id.* (noting that 3 x 26,159.08 = $78,477.24).

The record confirms Defendant's argument. Plaintiff's Original Petition seeks damages under § 541.152(b) the Texas Insurance Code and § 17.50(b)(1) of the Texas Deceptive Trade Practices Act. Dkt. No. 1-2 at 16. Section § 541.152(b) the Texas Insurance Code and § 17.50(b)(1) of the Texas Deceptive Trade Practices Act both provide for treble damages. *See* TEX. INS. CODE ANN. § 541.152(b) (providing for treble damages if the trier of fact finds that the defendant's violations were committed knowingly); TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (providing for treble damages if the trier of fact finds

that the defendant's violations were committed knowingly or intentionally). Defendant has shown that removal was proper at the time it filed its Notice of Removal.

Defendant is also correct regarding Plaintiff's Binding Stipulation. When a defendant demonstrates that removal was proper, the plaintiff may not obtain remand unless he establishes "to a legal certainty" that his claims do not exceed $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "[T]his is not a burden-shifting exercise, rather, the plaintiff must make all the information known *at the time he files the complaint.*" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quotations omitted, emphasis added). Generally, "[a] post-removal stipulation to limit damages to preclude recovery above the federal jurisdictional minimum on remand is ineffective for purposes of seeking remand." *Siegfried v. JPMorgan Chase*, N.A., No. 1:18-CV-1026-LY, 2019 WL 3816299, at *1–3 (W.D. Tex. May 17, 2019), *report and recommendation adopted*, No. 1:18-CV-1026-LY, 2019 WL 3818038 (W.D. Tex. June 4, 2019) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412; *Lang v. State Farm Fire & Cas. Co.*, 23 F. Supp. 3d 661, 663 (E.D. La. 2014)). *See also Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *5–6 (S.D. Tex. Aug. 30, 2022), *report and recommendation adopted*, No. 1:22-CV-095, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022) (explaining that post-removal stipulations may only be used to obtain remand in limited circumstances, such as those presented in "*Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*") (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir.

1998));[3] *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 720 (E.D. Tex. 2017) ("'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case . . . later filings [are] irrelevant.'") (citations omitted). Plaintiff has failed to demonstrate that the amount in controversy does not exceed $75,000.00, exclusive of interests and costs. Thus, as the amount-in-controversy requirement has been met, this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's Opposed Motion for Remand should be denied.

## V. Recommendation

For the foregoing reasons, it is recommended that the Court **DENY** Plaintiff's Opposed Motion for Remand. *See* Dkt. No. 5.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

---

[3] The circumstances presented in *ANPAC* are not presented in this case. *See Alcala v. Allstate Vehicle & Prop. Ins. Co.*, explaining that:

> [In *ANPAC*], it was appropriate for the district court to consider the post-removal affidavit because: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the amount in controversy]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566.

No. 1:22-CV-95, 2022 WL 4239223, at *6.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **26th** day of **September, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**