Case 1:22-cv-00071   Document 25   Filed on 10/25/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ESTUARDO DE LOS REYES, § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 1:22-cv-071 |
| § | |
| STATE FARM LLOYDS, § | |
| Defendant § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of several submissions filed by the parties. Defendant State Farm Lloyds has filed a "Motion to Limit Attorney's Fees" (hereinafter, Defendant's "Motion" or "Motion to Limit Fees"). Dkt. No. 1-2 at 35-36. Plaintiff Estuardo De Los Reyes has filed a "Response" to Defendant's Motion, with accompanying exhibits. Dkt. Nos. 19 through 19-3. Defendant has filed a "Reply" with an exhibit in support of its Motion, and Plaintiff has filed a "Sur-Reply. Dkt. Nos. 20, 20-1, and 21. In addition to these submissions, the Court has received: (1) Plaintiff's "Opposed Renewed Motion to Compel Appraisal and Abate Judicial Proceedings" (hereinafter, Plaintiff's "Renewed Motion" or "Renewed Motion to Compel Appraisal"), with exhibits; (2) Defendant's opposed "Motion to Strike Plaintiff's Sur-Rely" (hereinafter, Defendant's "Motion to Strike"); and (3) Plaintiff's "Response to Defendant's Motion to Strike." Dkt. Nos. 18, 18-1, 18-2, 22, and 24. For the ensuing reasons, it is recommended that the Court: (1) **DENY** Plaintiff's Renewed Motion; (2) **GRANT** Defendant's Motion to Limit Fees; (3) **DENY** Defendant's Motion to Strike; and (4) **GRANT** Defendant's alternative request for "21 days to file a Response addressing Plaintiff's request for a voluntary dismissal[.]" Dkt. No. 24 at 2.

## I. Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

## II. Procedural History

Plaintiff initiated this action by filing his Original Petition in County Court at Law No. 1, Cameron County, Texas, on May 9, 2022. Dkt. No. 1-2 at 5. On June 14, 2022, Defendant State Farm Lloyds filed a Notice of Removal. Dkt. No. 1. Defendant's Notice of Removal stated that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *Id.* at 2. On June 28, 2022, Plaintiff filed an "Opposed Motion for Remand" with "Binding Stipulation." Dkt. Nos. 5 and 5-1. The Court denied Plaintiff's Opposed Motion for Remand on October 18, 2022. *See* Dkt. No. 23 (adopting the Magistrate Judge's Report and Recommendation, which recommended the denial of Plaintiff's Opposed Motion to Remand).

Plaintiff filed his first "Opposed Motion to Compel Appraisal and Abate Judicial Proceedings" (hereinafter, Plaintiff's "First Motion to Compel Appraisal") on June 30, 2022. Dkt. No. 6. Shortly thereafter, on July 5, 2022, Defendant filed a "Notice of Automatic Abatement" pursuant to § 542A.003 and § 542A.005 of the Texas Insurance Code. Dkt. No. 7. After the expiration of the abatement period required by these Sections, the Court granted Defendant's "Unopposed Motion to Lift Abatement." *See* Dkt. Nos. 11 and 12. The Court then denied Plaintiff's First Motion to Compel Appraisal on September 27, 2022. Dkt. No. 15. Excepting Defendant's Motion to Limit Fees, which was filed in conjunction with its Original Answer (*see* Dkt. No. 1-2 at 23, 32, 35-36), the parties'

above-referenced submissions have all been filed on or after October 6, 2022, and are now ripe for review. *See* Dkt. Nos. 18 through 22.

## III. Discussion

**A. Plaintiff's Opposed Renewed Motion to Compel Appraisal**. The Court issued an Order denying Plaintiff's First Motion to Compel Appraisal on September 27, 2022. Dkt. No. 15. The Court noted that, although Plaintiff insisted that he had the right to demand appraisal under his policy, the plain language of his policy required him to first allow Defendant reasonable access to his property before demanding appraisal. *Id.* at 1-3. Because Plaintiff had not allowed Defendant's reasonable access, and instead "filed suit in hope of activating the appraisal process[,]" the Court found that Plaintiff's First Motion to Compel Appraisal lacked merit. *Id.* (quoting Dkt. No. 6 at 2-3). In relevant part, the Court stated:

> [T]he plain language of Plaintiff's policy required him to "exhibit" his damaged property as "often" as Defendant "reasonably" required "before making a demand for appraisal." Dkt. No. 10-1 at 65-66. . . . In his Motion to Compel, Plaintiff contends that he agreed to a second inspection, but objected to having Defendant's original adjustor conduct the second inspection. Dkt. No. 6 at 2. When Defendant stated that the original adjustor "needed to perform the reinspection," Plaintiff "filed suit in hope of activating the appraisal process." *Id.*
>
> Plaintiff has not shown that Defendant's insistence on reinspection by the same adjuster was unreasonable. Defendant has provided evidence demonstrating that, on April 27, 2022, prior to Plaintiff filing suit on May 9, 2022, it sent a letter informing Plaintiff that, if the reinspection did not resolve the claim, it would proceed with the appraisal process. Dkt. No. 10-1 at 87-88. In fact, Defendant even went so far as to select its "qualified, disinterested appraiser" in accordance with the policy[.] . . . Plaintiff has not shown that he complied with the "Duties After Loss" requirements of his policy before demanding appraisal[.]

*Id.* at 2-3 (formatting altered).

Plaintiff's Renewed Motion to Compel Appraisal is nearly identical to his First Motion to Compel Appraisal. *Compare* Dkt. No. 6, *with* Dkt. No. 18. Both Motions recite law irrelevant to the question of whether Plaintiff complied with his policy's requirements for demanding appraisal. *See id*. Again, the plain language of Plaintiff's policy required him to "exhibit" his damaged property as "often" as Defendant "reasonably" required "before making a demand for appraisal." Dkt. No. 10-1 at 65-66. In relevant part, the "Appraisal" and "Duties After Loss" provisions of Plaintiff's policy provide as follows:

> **Your Duties After Loss**. After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed . . . d. as often as we reasonably require: ( 1) exhibit the damaged property;
>
> **Appraisal**. If **you** and **we** fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only **you** or **we** may demand appraisal. A demand for appraisal must be in writing. **You** must comply with **SECTION I -CONDITIONS, Your Duties After Loss** before making a demand for appraisal.

Dkt. No. 10-1 at 65-66 (formatting altered, emphasis in original).

Plaintiff's Renewed Motion only differs from his First Motion to Compel Appraisal in that it elaborates upon his reasons for refusing a second inspection of his property by the same adjuster, Ron Castillo. Here, he argues that he had a right to insist on reinspection by a different adjuster because: (1) Castillo repeatedly, summarily disregarded damage that he pointed out; (2) Castillo was disrespectful and unprofessional; (3) Castillo made him feel uncomfortable and unacknowledged in his own home; (4) reinspection by Castillo would "only prove fruitless;" and (4) the burden on Defendant to assign another adjuster would have been minimal. Dkt. No. 18 at 2-3.

> Defendant's insistence on a reinspection by the same adjuster is unreasonable, and it raises a few questions. Namely, does State Farm expect Plaintiff to believe that Mr. Ron Castillo is the only adjuster available to perform the reinspection? Moreover, how can Plaintiff expect for a reinspection performed by the same adjuster to reveal different findings?

> Put differently, even if Mr. Castillo were to find a different amount of damages pursuant to a reinspection, that would necessarily put his credibility at issue. A reinspection by the same adjuster would only prove fruitless.
>
> What's more and perhaps most saliently, Mr. De Los Reyes had a terrible experience with Defendant's initial adjuster; the interactions between the two proved to be less than ideal, particularly when Mr. De Los Reyes kept pointing out damages that Mr. Castillo summarily dismissed. This made Mr. De Los Reyes feel uncomfortable and unacknowledged in his own home, which is why he refuses to allow Mr. Castillo, someone whom he deems disrespectful and unprofessional, from revisiting his dwelling. Glaringly, the burden on Defendant to produce an adjuster other than Mr. Castillo to perform the reinspection is minimal.

*Id.* (formatting altered).

There are three main problems with Plaintiff's Renewed Motion. First, Plaintiff provides no authority to support his argument that his insistence on reinspection by a different adjuster constitutes compliance with his policy's terms. Plaintiff's policy required him to "exhibit" his damaged property as "often" as Defendant "reasonably" required "before making a demand for appraisal." Dkt. No. 10-1 at 65-66. Plaintiff has pointed to no provision within the policy allowing him to insist on a different adjuster, nor has he cited any case law to support his position. Plaintiff only allowed one inspection and refused to allow reinspection by Castillo, even when Defendant told him that it would procced to appraisal if the reinspection did not resolve their dispute. Dkt. No. 10-1 at 88.

Second, Plaintiff has provided no facts indicating that Castillo behaved so egregiously as to justify his own failure to comply with his policy's terms. Plaintiff states that Castillo repeatedly, summarily dismissed the damage he pointed out — damage he obviously believed was covered under his policy. Even presuming that this occurred, Plaintiff has provided no other facts to support his claim that Castillo was disrespectful or unprofessional. He claims that he felt uncomfortable and unacknowledged in his own home, but he has not stated that Castillo insulted him, or otherwise conducted himself in

an unprofessional way. At best, then, Castillo was dismissive. At worst, he may have erred in disregarding the damage Plaintiff identified. Plaintiff has not shown that Castillo's assessment was incorrect, nor shown that he was reasonable in filing suit rather than allowing reinspection by Castillo.[1]

Third, and perhaps most fundamentally, if Plaintiff wants the Court to reconsider its decision, it should file a motion for reconsideration supported by facts and authority that support reconsideration. The fact that Plaintiff was "adamant" about not wanting Castillo to conduct the reinspection was already in the record when the Court ruled upon his First Motion to Compel Appraisal, as was the fact that Plaintiff believed that Castillo had conducted a "fraudulent" inspection and "made excuses" as to why some damage was not covered. *See* Dkt. No. 10-1 at 11-14. Plaintiff's Renewed Motion largely asks the Court to expend its resources reconsidering issues it as has already ruled upon without providing the Court with a sound legal basis to do so. As discussed below, this compounds Plaintiff's failure to comply with statutory provisions designed to prevent unnecessary and premature litigation. Plaintiff's Renewed Motion should be denied.

**B. Defendant's Motion to Limit Fees.** Defendant filed its Motion to Limit Fees in conjunction with its Original Answer on June 10, 2022. *See* Dkt. No. 1-2 at 23, 32, 35-36. Defendant asserts that, pursuant to § 542A.007(d) of the Texas Insurance Code, Plaintiff may not recover any attorney's fees incurred after the filing date of its Original Answer because Plaintiff failed to comply with the § 542A.003 pre-suit notice provision of the Code. *Id.* at 32-35 (citing TEX. INS. CODE § 542A.003 and § 542A.007(d)).

---

[1] Relatedly, Plaintiff's claim that reinspection by Castillo "would only prove fruitless" presumes too much. Plaintiff suggests that Castillo would not alter his conclusions for fear of losing credibility but there is nothing in the record to support this conclusion.

Pursuant to § 542A.003, Defendant states that it was entitled to a written notice, at least 61 days before Plaintiff filed suit. Additionally, Defendant contends that it was entitled to a notice which complied with § 542A.003's requirements and specified the amount it allegedly owed. *Id.* Because Plaintiff only provided Defendant with a non-compliant notice 38 days before filing suit, Defendant states that is entitled to relief.

In Response, Plaintiff asserts that he first notified Defendant regarding his claims when he sent Defendant his April 1, 2022 letter of representation and estimate for repairs. Dkt. No. 19 at 1-2. Plaintiff suggests that his letter and estimate satisfied § 542A.003's notice requirements because they provided Defendant with enough information to determine the amount in controversy. *Id.* (citing *In re Cypress Tex. Lloyds*, 2011 Tex. App. LEXIS 6616 (Tex. App.—Corpus Christi 2011) for the proposition that "[n]otice letters containing . . . at least enough information to imply [amount of actual damages sought], satisfies the notice requirement."). Because he has complied "with the spirit of the Texas Insurance Code," and would be disadvantaged if he could not recover his attorney's fees, Plaintiff asks the Court to deny Defendant's Motion. *Id.* at 3.

In Reply, Defendant contends that the caselaw Plaintiff relies upon does not apply to the § 542A.003 notice provisions of the Texas Insurance Code. Dkt. No. 20 at 1. Rather, it pertains to the "less stringent" notice provisions in "Section 541.154 of the Texas Insurance Code" and "Section 17.50A1 of the Texas Business & Commerce Code." *Id.* Defendant adds that, even if the Court were to find Plaintiff's notice sufficient in substance, Plaintiff's notice was still untimely. *Id.* at 3. This matters, Defendant argues, because § 542A.003 notice provisions were designed to encourage settlement without unnecessary court intervention and Plaintiff has jumped the gun and done exactly what § 542A.003 was designed to prevent. Dkt. No. 1-2 at 34.

> Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality. The Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements is to discourage litigation and encourage settlements of complaints by insureds against their insurer. *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App.–-Corpus Christi 2011, orig. proceeding). Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code." *In re Behr*, 2006 WL 468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159. Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim. TEX. INS. CODE § 542A.004. The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation.

*Id.* (footnote omitted).

In his Sur-Reply, Plaintiff argues that the Court has discretion to allow him to recover his attorney's fees. Dkt. No. 21 at 1. Curiously, he claims that this is so because § 542A.007(d) merely states that a court "may not" award any attorney's fees if a claimant fails to provide the notice required under § 542A.003. *Id.* (quoting § 542A.007(d)). Had the Texas Legislature meant to prevent courts from awarding attorney's fees when a claimant fails to provide § 542A.003 notice, Plaintiff argues that it would have drafted § 542A.007(d) to state that courts "shall not" award attorney's fees. *Id.* Plaintiff also suggests that: (1) § 542A.007(d) does not preclude the recovery of attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code; and (2) he need not comply with § 542A.007(d) because he has complied with "the spirit" and "purpose" of the Texas Insurance Code. *Id.* at 1-2. In the alternative, Plaintiff asks the Court to dismiss this action without prejudice to refiling so that his "ability to recover his full attorney's fees is not compromised." *Id.* at 2.

Defendant is correct with respect to its argument that Plaintiff failed to provide it with timely notice. In relevant part, § 542A.003 provides:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> (b) The notice required under this section must provide:
>
>> (1) a statement of the acts or omissions giving rise to the claim;
>>
>> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>>
>> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. . . .
>
> (d) A presuit notice under Subsection (a) is not required if giving notice is impracticable because:
>
>> (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or
>>
>> (2) the action is asserted as a counterclaim.

TEX. INS. CODE § 542A.003(a)(b) and (d) (formatting altered).

Plaintiff first provided Defendant with his letter of representation and estimate of repairs on April 1, 2022. *See* Dkt. No. 19 at 1-2; Dkt. No. 20-1 at 2. Plaintiff then filed suit a mere 38 days later on May 9, 2022. *See* Dkt. No. 1-2 at 5. In relevant part, § 542A.007(d) states that the court "*may not* award to the [plaintiff] any attorney's fees" incurred after the date of the defendant's initial pleading if the defendant "pleads and proves" that the plaintiff failed to provide the requisite notice "at least 61 days before the date the action was filed[.]" TEX. INS. CODE § 542A.007(d) (emphasis added). Defendant

has pleaded and proved that Plaintiff failed to provide it with the requisite § 542A.003 notice at least 61 days before filing suit. Accordingly, Defendant's Motion to Limit Fees should be granted. *See Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *3–6 (N.D. Tex. Apr. 12, 2022) (collecting cases applying § 542A.007(d) as § 542A.003 as substantive Texas law, and finding that § 542A.007(d) applied to limit plaintiff's attorney's fees due to plaintiff's failure to provide sufficient pre-suit notice under § 542A.003); *PMG Int'l, Ltd. v. Travelers Indem. Co. of Am.*, No. SA-20-CV-00142-FB, 2020 WL 1164118, at *1–2 (W.D. Tex. Mar. 11, 2020) (finding that § 542A.007(d) applied to limit plaintiff's attorney's fees due to plaintiff's failure to provide sufficient pre-suit notice under § 542A.003); *Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, No. 3:19-CV-01645-S, 2019 WL 7187249, at *1–3 (N.D. Tex. Dec. 23, 2019) (same).

Plaintiff's Sur-Reply arguments do not disturb this conclusion. Plaintiff's argument that the Court may award attorney's fees when § 542A.007(d) states it "may not" is illogical. *See* Dkt. No. 21 at 1. Plaintiff has provided no authority to support this argument, nor has it provided any authority to support its arguments that: (1) attorney's fees are still available to him under Chapter 38 of the Texas Civil Practice and Remedies Code; and (2) he need not comply with § 542A.007(d) because he has complied with the "spirit" and "purpose" of the Texas Insurance Code. *See id.* at 1-2. Moreover, Plaintiff has not complied with the spirit and purpose of the Texas Insurance Code. In addition to failing to provide Defendant with timely pre-suit notice, Plaintiff: (1) refused to allow Defendant's adjuster to reinspect his property; (2) prematurely filed suit "filed suit in hope of activating the appraisal process[;]" (3) prematurely moved to compel appraisal;

and (4) filed a meritless Renewed Motion to Compel Appraisal. It is, therefore, recommended that the Court grant Defendant's Motion to Limit Fees.[2]

**C. Defendant's Motion to Strike**. Defendant filed it Reply in support of its Motion to Limit Fees on October 14, 2022. Dkt. No. 20. That same day, Plaintiff filed his Sur-Reply. Dkt. No. 21. Defendant has moved to strike Plaintiff's Sur-Reply, claiming that: (1) sur-replies are only appropriate when the opposing party introduces new arguments or evidence in its reply, and Defendant as not done so; (2) Plaintiff's Sur-Reply arguments are meritless; and (3) Plaintiff's Sur-Reply improperly introduces new arguments and requests for relief. *Id.* at 1-2. Should the Court decline to Strike Plaintiff's Sur-Reply, Defendant alternatively asks for "21 days to file a Response addressing Plaintiff's request for a voluntary dismissal and the new legal theories in Plaintiff's Sur-Reply." *Id.* at 2.

It is recommended that the Court deny Defendant's Motion to Strike, but grant its alternative request for relief. Defendant argues that Plaintiff's Sur-Reply is improper because its own Reply did not introduce new arguments or evidence. However, the Civil Procedures applicable to this civil action expressly allow sur-replies. *See* Civil Procedures for United States District Judge Rolando Olvera, 6(D) ("Replies and Surreplies. If the

---

[2] As discussed below, however, Plaintiff's alternative request to dismiss this action without prejudice to refiling is not yet ripe. Therefore, should the Court grant Plaintiff's alternative request, it is possible that Plaintiff's attorney's fees will only be limited from the filing date of Defendant's Original Answer in this civil action until the termination of this civil action. *See Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *5:

> Jordan did not satisfy § 542A.003's presuit notice requirements. Nevertheless, this may result in a Pyrrhic victory for Travelers, as the Code does not prevent Jordan from voluntarily dismissing and only calls for fee preclusion within the context of a live action. Without clear statutory authority, the Court cannot preclude Jordan from recovering attorney's fees in a subsequently filed case if it sues again after sixty-one days have passed from November 19, 2021, when it gave Travelers presuit notice compliant with § 542A.003.

movant elects to reply, it must be filed no more than 10 days after the response was filed with the District Clerk's Office. Surreplies to must be filed no more than 10 days after the reply was filed with the District Clerk's Office."). Furthermore, although Plaintiff's Sur-Reply arguments are meritless, the more appropriate way for the Court to respond to their lack of merit is to reject them in favor of granting Defendant's Motion to Limit Fees, as recommended above.

Finally, Defendant has not yet demonstrated that the Court should deny Plaintiff's alternative request to dismiss this action without prejudice to refiling. A cursory review of the authority on this subject suggests that Plaintiff's alternative request should be granted. *See, e.g., Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *6-7 (citing Fifth Circuit authority in support of its finding that a plaintiff's request for dismissal without prejudice was appropriate in similar circumstances). Nevertheless, because Plaintiff first raised his alternative request for dismissal without prejudice in his Sur-Reply, Plaintiff' request is not ripe for review absent an authorized substantive response from Defendant. It is, therefore, recommended that the Court grant Defendant's alternative request for "21 days to file a Response addressing Plaintiff's request for a voluntary dismissal[.]" Dkt. No. 24 at 2.

## V. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Plaintiff's Renewed Motion; (2) **GRANT** Defendant's Motion to Limit Fees; (3) **DENY** Defendant's Motion to Strike; and (4) **GRANT** Defendant's alternative request for "21 days to file a Response addressing Plaintiff's request for a voluntary dismissal[.]" Dkt. No. 24 at 2.

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **25th** day of **October, 2022**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge